UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| KELLI Y. CLINGMAN, | 2:10-CV-1834 JCM (LRL) |
| --- | --- |
| Plaintiff, | |
| v. | |
| SARIANG SOMY et al.,, | |
| Defendants. | |

**ORDER**

Presently before the court is plaintiff Kelli Clingman's ex parte application for an emergency temporary restraining order to stay the sale of real property at 8339 Freshwater Pearl Street, Las Vegas, Nevada 89139, scheduled for October 27, 2010, at 10:00 a.m. (Doc. #2).

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) possibility of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

Here, plaintiff claims that "Defendant(s) Somy and Defendant Saisuda [Seadan] breached the lease agreement by failing to Pay the mortgage payments. . . [and] deceived Plaintiff and continue to accept the monthly lease payments on a monthly basis." (Doc. #1, compl., ¶ 87). From this, the

**James C. Mahan**
**U.S. District Judge**

court gathers that plaintiff was a tenant of defendants Somy and Seadan when the property first went into default. Plaintiff then claims that she gained an interest in the real property when defendants Somy and defendant Saedan executed a "Contract For Deed and a Grant, Bargain and Sale Deed" so that she could help to save the property from the foreclosure. (Doc. #1, compl., ¶ 94).

Plaintiff now comes before the court seeking to stop a scheduled foreclosure on the property. There are several problems with this request. First is a standing issue, because plaintiff received an interest in the property after default had occurred. Second, plaintiff has not alleged that she or Somy/Seadan have or are continuing to make payments under the mortgage agreement. Therefore, the court finds that the plaintiff has not demonstrated a likelihood of success on the merits as required under Federal Rule of Civil Procedure 65.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's ex parte application for an emergency temporary restraining order (doc. #2) be, and the same hereby is, DENIED without prejudice.

DATED October 22, 2010.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge