UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KELLI Y. CLINGMAN,

    Plaintiff,

v.

SARIANG SOMY et al.,,

    Defendants.

2:10-CV-1834 JCM (LRL)

**ORDER**

    Presently before the court are defendants Bank of America's, BAC Home Loans Servicing, LP's and ReconTrust's (hereinafter "BAC defendants") motion to dismiss complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b), and 8(a). (Doc. #9). Plaintiff responded (doc. #26), and defendants replied (doc. #30).

**I. RELEVANT FACTS**

    Two of the defendants that are not part of this motion to dismiss, Sariang Somy ("Somy") and Saisuda Saedan ("Saisuda"), leased a property at 8339 Freshwater Pearl Street, Las Vegas, Nevada 89139 to the plaintiff. Somy failed to pay the mortgage on the property and on November 5, 2010, Mortgage Electronic Registration Systems ("MERS") recorded a notice of default on the property. After MERS recorded a substitution of trustee to appoint ReconTrust as the new trustee on November 15, 2007, ReconTrust subsequently recorded a notice of default on June 1, 2010.

    On December 7, 2007, the plaintiff was given a joint tenancy interest in the property after threatening to sue Somy and Saisuda for fraud. Currently, Somy and the plaintiff are the recorded owners of the property. Plaintiff claims that she has been "diligent in her efforts to assume the loan"

**James C. Mahan**
**U.S. District Judge**

1  for the property, but to no avail. (Doc. #1 - compl. ¶97). Specifically, plaintiff attempted to get a
2  modification on the loan herself, but was denied because she failed to obtain consent from the other
3  joint tenants. (*Id*. at ¶98).

## II.  MOTION TO DISMISS

Pro se litigants are held to a less stringent pleading standard than attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, all complaints must set forth enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The court evaluates the pleading according to Federal Rule of Civil Procedure 8, which requires a short and plain statement showing that the pleader is entitled to the relief sought.

To comply with Rule 8, a complaint must clearly and concisely state which defendants are liable for which wrongs based on which facts. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Moreover, the complaint should not contain irrelevant or only slightly relevant material. *Id.* It is the plaintiff's duty to ensure the complaint is coherent, logical, and well-organized. *Hearns*, 537 F.3d at 1127.

### A.  Claim 1 - Preliminary Allegations

Plaintiff's first claim for relief does not state a cognizable claim, but merely recites factual allegations.

### B.  Claim 2 - Violation of the Truth In Lending Action ("TILA")

"The purpose of the Truth In Lending Act is to ensure that users of consumer credit are informed as to the terms on which credit is offered them." *Jones v. E*trade Mortg. Corp.*, 391 F.3d 810, 812 (9th Cir. 2005). In *White v. Deutsche Bank National Trust Co.*, the court found "no authority for the proposition that Plaintiffs who are not a party to the loan may sue Defendants for a violation of TILA." 2010 WL 3420766, at *3 (S.D. Cal. Aug. 30, 2010); *See also Green v. Alliance Title*, 2010 WL 3505072, *7 (E.D. Cal. Sept. 2, 2010) (dismissing plaintiff's TILA claim for lack of standing as her name was not on the loan).

Here, like the plaintiff in *Green*, plaintiff has no standing to make a TILA claim because she was not the person who obtained the loan (compl. ¶10), and her name is not on the promissory note

1  (doc. # 10, exhibit A).

2      C.    <u>Claim 3 - Violation of the Real Estate Settlement Procedures Act ("RESPA")</u>

3  "Congress enacted RESPA in 1974 to protect home buyers from inflated prices in the home purchasing process." *Schuetz v. Banc One Mortg. Corp.*, 292 F.3d 1004, 1008 (9th Cir. 2002). Additionally, "no person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." *Id.* at 1009 (citing 12 U.S.C. § 2607(a)).

    Plaintiff lacks standing to make a RESPA claim because she was not the person charged with the settlement service and because she was not the original borrower of the home loan. Specifically, plaintiff claims defendants violated 12 U.S.C. § 2607. The defendants, if found to have violated this section, would only be held liable to "the person or persons charged for the settlement service." 27 U.S.C. § 2607(d)(2). Somy, the original borrower, was charged for the services when he purchased the property. (Compl. ¶140). Thus, the plaintiff again lacks standing because she was not the person who obtained the loan (compl. ¶10), and her name is not on the promissory note (doc. # 10, exhibit A).

    D.    <u>Claim 4 - Breach of Contract</u>

    Plaintiff's fourth claim fails against the BAC defendants because her breach of contract claim regarding her "Lease Purchase Option" (compl. ¶152) implicates defendants Saisuda and Somy, not the BAC defendants.

    Plaintiff does not have a loan with the BAC defendants to modify.

    E.    <u>Claim 5 - Bad Faith Denial of Existence of Contract</u>

    The plaintiff alleges in the fifth claim for relief that the notice of default was not valid (compl. ¶164), that the substitution of trustee was not valid (compl. ¶166), that the BAC defendants' failed to settle claims outside of the court (compl. ¶169), and that the plaintiff was never shown the note to foreclose (compl. ¶177).

    ReconTrust recorded a valid note of default against the property on June 1, 2010. (Doc. # 10 -

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Exhibit K). Additionally, there is no legal requirement that the BAC defendants settle. *McCurdy v.
2  Wells Fargo, N.A.*, 2010 WL 4102943, *3 (D. Nev. October 18, 2010) (finding that no contract
3  existed that required the defendant to negotiate a loan modification with the defaulting plaintiff).
4  Further, the plaintiff claims that none of the defendants were the "holder in due course." This claim
5  fails because "defendants do not need to produce the note to the property in order to proceed with
6  a non-judicial foreclosure." *Urbina v. Homeview Lending, Inc.*, 681 F. Supp. 2d 1254, 1258 (D. Nev.
7  2009).

8      Plaintiff's claim that the substitution of trustee was not valid stems from a MERS'
9  employee's failure to write in a date when he granted authority to execute the substitution of trustee.
10 (Compl. ¶166). Plaintiff alleges that the absence of a date results in a legitimate question as to the
11 employee's authority. *Id.* However, this is plaintiff's lone factual allegation that the aforementioned
12 employee lacked authority, and all complaints must set forth enough facts to state a claim that is
13 plausible on its face. *Bell Atlantic Corp.*, 550 U.S. at 544. Thus, plaintiff fails to allege a legitimate
14 claim that "state[s] a claim for relief that is plausible on its face". *Id.* at 570.

15     F.    <u>Claim 6 - Good Faith Claim</u>

16     Plaintiff lacks standing to bring her good faith claim against BAC defendants' for failure to
17 modify the loan since she has no loan with the defendants. Moreover, plaintiff has failed to cite to
18 any rule of law, whether it be case law or statute, that places a duty upon a lender to modify a loan
19 with a borrower, let alone a party not named on the loan.

20     G.    <u>Claim 7 - Breach of Fiduciary Duty</u>

21     Plaintiff alleges that the defendants "placed themselves in a position of trust by virtue of the
22 expertise represented by and through their employees and/or agents." (Compl. ¶188). It seems that
23 the scope of this claim revolves around the unwillingness of the BAC defendants to modify the loan.
24 Specifically, the plaintiff alleges present and future economic loss as a result of the defendants'
25 "refusal to accept and to negotiate in good faith." (Compl. ¶190).

26     However, even disregarding the fact that the plaintiff lacks standing, as she is not the original
27 borrower, the plaintiff's claim fails. Specifically, the Ninth Circuit has recognized that *no* duty exists
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

between lenders and debtors, and held that they are "adversaries, not fiduciaries." *Giles v. Gen Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007). Further, "a financial institution does not owe a duty of care to a borrower when the lender's involvement in the loan transaction does not exceed the scope of its conventional role as lender of money." *Velasquez v. HSBC Mortg. Serv.*, 2009 WL 2338852, *5. (D. Nev. July 24, 2009). Additionally, "the lender is under no duty to ensure the success of the borrower's investment." *Id.* Finally, "courts have repeatedly held that a lender owes no fiduciary duties to a borrower absent exceptional circumstances, such as when a special relationship exists between the two parties." *Larson v. Homecomings Fin., LLC,* 680 F. Supp. 2d 1230, 1234 (D. Nev. 2009); *see Yerington Ford, Inc. V. General Motors Acceptance Corp.,* 359 F. Supp.2d 1075, 1090 (D. Nev. 2004). Here, the plaintiff has failed to allege any special relationship, and the claim must fail.

    H.  <u>Claim 8 - Fraudulent Inducement and Deceit</u>

    A claim for fraud must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this standard, plaintiff must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397, 405 (9th Cir. 1991).

    The plaintiff fails to plead fraud with particularity. As a result, plaintiff's conglomerated claims are conclusory. For example, the plaintiff alleges that the employee who signed the notice of default on behalf of ReconTrust lacked authority to execute the document (compl. ¶192) because he did not identify his "title" and "authority" on the notice. (*Id.*) Additionally, plaintiff alleges that "defendant and each of them were aware of the false representations of Recontrust. . . defendant BAC. . . defendant New York . . . [and that] each defendant remained silent thereby aiding the false statements of one another." (Compl. ¶197). Plaintiff based these allegations on the bare assumption that the notice of default was falsely represented. (Compl. ¶195). Plaintiff does not give any facts as to how the notice was falsely represented, seemingly relying on her previous incorrect determination that the employee who signed the notice lacked authority. This is insufficient to state

a claim of fraud as required under Rule 9(b).

### I.   Claim 9 - Slander of Title

Slander of title involves (1) false and malicious communications; (2) disparaging to one's title in land; (3) causing special damage. *Higgins v. Higgins*, 744 P.2d 530 (Nev. 1987) (citing *Rowlands v. Lepire*, 662 P.2d 1332 (Nev. 1983) and *Summa Corp. v. Greenspun*, 655 P.2d 513, 514 (Nev. 1982)). Nevada Revised Statute §107.80(2)(c) gives the trustee the power of sale once the notice of default has been recorded. Plaintiff's claim fails because ReconTrust recorded a valid note of default against the property on June 1, 2010 (doc. # 10 - exhibit K), and the recording of the default involved neither false nor malicious communications. Thus, plaintiff fails to state a claim for slander of title.

### J.   Claim 10 - Willful Violation of 11 U.S.C. 362

Plaintiff's claim is not cognizable against the BAC defendants. Instead, plaintiff's claim is against Bank of New York Mellon. (Compl. ¶211). Therefore, plaintiff's claim fails.

### K.   Claim 11 - Racketeer Influenced and Corrupt Organizations ("RICO")

In order to satisfy the elements of a civil R.I.C.O. claim, plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to [plaintiffs'] 'business or property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 USC 1964(c)). Racketeering is defined as "engaging in at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated instances . . . ." NRS 207.390. The Ninth Circuit has "applied the particularity requirements of rule 9(b) to RICO claims. *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 541 (9th Cir. 1989).

The plaintiff fails to show with any specificity that the defendants engaged in racketeering or caused her injury as a result of any alleged wrongdoing. Throughout her RICO claim (compl. ¶221-34), plaintiff states conclusory allegations that lack the particularity required by rule 9(b). Plaintiff uses terms like "misconduct," "racketeering activity," and "predatory lending," but fails to provide the factual foundation needed to satisfy a RICO claim. Thus, plaintiffs RICO claim is

**James C. Mahan**
**U.S. District Judge**

- 6 -

dismissed for failure to state a claim.

L.      Claim 12 - Specific Performance

Plaintiff seeks specific performance of a contract she alleges to have entered into with defendants Somy and Saisuda, who are not parties to this motion. (Compl. ¶245). Accordingly, because none of the BAC defendants are parties to this contract, this claim is not directed towards them and thus must fail.

M.      Claim 13 - Quiet Title

Quiet title has no place in this complaint. "[A] trustor cannot quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci,* 39 Cal. App. 3d 475, 478 (1974). The fact that ReconTrust recorded a valid note of default against the property on June 1, 2010 (doc. # 10 - exhibit K) shows that the debt on the property is anything but paid. Therefore, this claim fails.

N.      Claim 14 - Unfair Debt Collection Practices

Plaintiff alleges that the defendants violated the Fair Debt Collection Practices Act ("FDCPA"), RESPA and the "Nevada Debt Collection Practices Civil Codes," which the defense has interpreted as the Nevada version of the Fair Debt Collections Practices Act ("Nevada's FDCPA"), NRS §649. (Compl. ¶252).

The RESPA claim is repetitive of claim three and again fails to state a claim, because Nevada's FDCPA does not provide a private cause of action. *See* N.R.S. § 649.395 (the Commissioner of Financial Institutions is vested with the power to lay fines and seek injunctive relief for violations of Chapter 649 on behalf of the state of Nevada). Finally, plaintiff's federal FDCPA claim fails because, as she is not on the note and the BAC defendants are not collecting a debt against her, she lacks standing to pursue this claim.

O.      Claim 15 - Predatory Lending Practices

Plaintiff is likely making a claim under the Nevada Unfair Lending Practices Act. *Villa v. First Guar. Fin. Corp.*, 2010 WL 2953954, at *4 (D. Nev. July 23, 2010) ("The appropriate cause of action to plead for alleged predatory lending is section 598D.100"). Plaintiff lacks standing to

1  under §598D since she did not borrow any money and thus was not the target of predatory lending.
2  (Compl. ¶256). The claim is dismissed.

3      P.    <u>Claims 16 and 18 - Imposition of Constructive Trust</u>

4  Plaintiff alleges that the BAC defendants have failed to acknowledge her "status as a rightful
5  joint tenant owner of the property" (compl. ¶259), and have "purported to obtain legal title to the
6  property by means of an unjustified and fraudulent non-judicial foreclosure sale," (compl. ¶267).

7  The BAC defendants can properly foreclose under the deed of trust despite plaintiff's joint
8  tenancy status. *DaSilva v. Wells Fargo Bank*, 2010 WL 4258528, at *1 (D. Nev. Oct. 20, 2010)
9  (holding that foreclosure is allowed against joint tenants). Additionally, plaintiff fails to specify any
10  fraud associated with the foreclosure other than stating an assumption that foreclosure is not proper
11  when joint tenants are involved. (Compl. ¶267). This assumption is misguided, and plaintiff's claim
12  for fraud has not been pled with particularity under Federal Rule of Civil Procedure 9(b).

13      Q.    <u>Claim 17 - Fraud</u>

14  Plaintiff's last claim merely recites the elements of fraud, but alleges nothing else. Plaintiff
15  claims that the defendants made false representations to her (compl. ¶263), but does not state what
16  these false representations were. Plaintiff alleges that the defendants are guilty of "malice, fraud, or
17  oppression"(compl. ¶265), but fails to give any reason as to how or why they are guilty of such
18  offenses.. Thus, plaintiff's claim for fraud must fail since it has not been pled with particularity under
19  Federal Rule of Civil Procedure 9(b).

20      R.    <u>Conclusion</u>

21  Federal Rule of Civil Procedure 41 allows a court to dismiss a complaint with prejudice if
22  the complaint fails to comply with the Federal Rules. However, a court should not dismiss with
23  prejudice under Rule 41 before considering less drastic alternatives. *McHenry v. Renne*, 84 F.3d
24  1172, 1178 (9th Cir. 1996).

25  In the instant case, the court finds dismissal without prejudice is warranted. If plaintiff
26  chooses to pursue the causes of action, she should revise the complaint to: (1) succinctly state the
27  facts, linking them to specific, cognizable legal theories, and (2) exclude quoted information that is

28

**James C. Mahan**
**U.S. District Judge**

- 8 -

unnecessary to prove the case. If plaintiff's amended complaint fails to meet the requirements of Rule 8, this court may then consider dismissal with prejudice under Rule 41. *McHenry*, 84 F.3d at 1130.

### III.     PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AGAINST SAISUDA AND SOMY

Federal Rule of Civil Procedure 54(b) provides that when "multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties, only if the court expressly determines that there is no just reason for delay." In *In re First T.D. & Inv., Inc. v. Chang*, 253 F.3d 520, 532 (9th Cir. 2001), the Ninth Circuit adopted the principal in *Frow v. De La Vegas*, 82 U.S. 552 (1872), which held that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgement should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." Additionally, the Ninth Circuit has recognized the Eleventh Circuit's extension of the *Frow* principle "to apply to defendants who are similarly situated, even if not jointly and severally liable." *In re First T.D. & Inv., Inc. v. Chang*, 253 F.3d at 532.

Defendants Saisuda and Somy are similarly situated with the BAC defendants. The plaintiff's continuous lack of standing throughout her complaint and her inability to adequately plead fraud are just as associable to her claims against the BAC defendants as they are to Somy and Saisuda. The only claims that might be cognizable against Somy and Saisuda are claims four and twelve. However, the plaintiff still fails to set forth enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 544. Thus, although these defendants have failed to respond to the complaint, plaintiff's motion for default judgement (doc. #27) must fail. A motion to dismiss her complaint against defendants Somy and Saisuda and their trusts must be entered without prejudice. The complaint is therefore also dismissed without prejudice as to all defendants.

**James C. Mahan**
**U.S. District Judge**

- 9 -

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that BAC defendant's motion to dismiss (doc. # 9) is hereby GRANTED. The case is hereby dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment against defendants Sariang Somy, Sariang Trust, Saisuda Saedan, and the Saedan Trust (doc. #27) be, and the same hereby is, DENIED.

DATED February 3, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 10 -